United States District Court
Southern District of Texas

**ENTERED**
July 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Javier Antonio Mora Gonzalez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3964 |
| | § | |
| Raymond Thompson,[1] *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DISMISSING PETITION

Before the Court is Javier Antonio Mora Gonzalez's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. Doc. 1. Petitioner previously filed a petition for a writ of *habeas corpus* that was dismissed on the merits in *Mora Gonzalez v. Dickey, et al.*, 4:26-cv-1444 (S.D. Tex. Apr. 29, 2026) (Doc. 7). In that case, the Hon. Charles Eskridge addressed Petitioner's due process and equal protection claims, as well as his specific assertion that the government must provide individualized process before revoking his prior release on supervision. *Id.* at 1.

A review of the pleadings does not reflect a material change in circumstances such that this Petition presents a new claim that could not have been presented in the first petition. Petitioner recognizes that "[o]n April 29, 2026, this Court denied the Petition,

---

[1] Petitioner named Bret Bradford in his official capacity as United States Immigration and Customs Enforcement's Enforcement and Removal Operations Field Office Director for the Houston area. Doc. 1 at 4. Because Mr. Bradford ceased to hold office while this action remained pending, the Court substitutes his successor's name, Patrick Contreras. Fed. R. Civ. P. 25(d).

finding that Petitioner failed to establish that his current detention violated the Constitution or any federal law." Doc. 1 at 2. He does not explain which of his claims he could not raise in the prior proceeding or what new factual or legal developments justify the filing of this Petition after the Court dismissed his prior habeas action with prejudice. *See* Doc. 1.

Therefore, the Petition is DENIED, and the case is DISMISSED WITH PREJUDICE for the reasons set forth by the Court in *Mora Gonzalez v. Dickey, et al.*, 4:26-cv-1444 (S.D. Tex. Apr. 29, 2026). Counsel for Petitioner is CAUTIONED that filing another petition on behalf of this Petitioner without articulating any new factual or legal grounds supporting relief may prove fertile grounds for the imposition of sanctions for abuse of the writ. Accordingly, Petitioner is ORDERED to attach a copy of this Order as an exhibit to any subsequently filed petition for a writ of *habeas corpus* that seeks relief from his present immigration detention. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

The Clerk shall provide a copy of this Order to the parties.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 16th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge

2